**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**
**NORTHERN DIVISION**

| | |
|---|---|
| Joseph Konczyk, | Civil Action No.: _____ |
|                 Plaintiff, | |
| v. | |
| Chase Receivables, Inc.; and DOES 1-10, inclusive, | **COMPLAINT** |
|                 Defendants. | |

For this Complaint, the Plaintiff, Joseph Konczyk, by undersigned counsel, states as follows:

## JURISDICTION

1. This action arises out of Defendants' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), and the invasions of Plaintiff's personal privacy by the Defendants and their agents in their illegal efforts to collect a consumer debt.

2. Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that the Defendants transact business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

## PARTIES

4. The Plaintiff, Joseph Konczyk ("Plaintiff"), is an adult individual residing in Baltimore, Maryland, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

5. Defendant, Chase Receivables, Inc. ("Chase"), is a California business entity with an address of 951 California Boulevard, Napa, California 94559, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

6. Does 1-10 (the "Collectors") are individual collectors employed by Chase and whose identities are currently unknown to the Plaintiff.  One or more of the Collectors may be joined as parties once their identities are disclosed through discovery.

7. Chase at all times acted by and through one or more of the Collectors.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

### A. The Debt

8. The Plaintiff incurred a financial obligation (the "Debt") to Verizon (the "Creditor").

9. The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

10. The Debt was purchased, assigned or transferred to Chase for collection, or Chase was employed by the Creditor to collect the Debt.

11. The Defendants attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

### B. Chase Engages in Harassment and Abusive Tactics

12. The Defendants called the Plaintiff's parents and sister numerous times without permission of the Plaintiff and discussed the Debt in detail.

13. The Defendants called the Plaintiff's parents and sister numerous times after they

talked to the Plaintiff regarding the Debt and received written correspondence from the Plaintiff regarding the Debt.

### C. **Plaintiff Suffered Actual Damages**

14. The Plaintiff has suffered and continues to suffer actual damages as a result of the Defendants' unlawful conduct.

15. As a direct consequence of the Defendants' acts, practices and conduct, the Plaintiff suffered and continues to suffer from humiliation, anger, fear, frustration and embarrassment.

**COUNT I**
**VIOLATIONS OF THE FDCPA 15 U.S.C. § 1692, et seq.**

16. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

17. The Defendants' conduct violated 15 U.S.C. § 1692b(1) in that Defendants contacted third parties and failed to identify themselves and further failed to confirm or correct location information.

18. The Defendants' conduct violated 15 U.S.C. § 1692b(2) in that Defendants informed third parties of the nature of Plaintiff's debt and stated that the Plaintiff owed a debt.

19. The Defendants' conduct violated 15 U.S.C. § 1692b(3) in that Defendants contacted third parties in regards to the Plaintiff's debt on numerous occasions, without being asked to do so.

20. The Defendants' conduct violated 15 U.S.C. § 1692c(b) in that Defendants communicated with individuals other than the Plaintiff, the Plaintiff's attorney, or a credit bureau.

21. The foregoing acts and omissions of the Defendant constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

22. The Plaintiff is entitled to damages as a result of Defendant's violations.

### COUNT II
### VIOLATIONS OF THE MARYLAND CONSUMER DEBT COLLECTION ACT
### MD. CODE COMM. LAW § 14-201, et seq.

23. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

24. The Defendants are each individually a "collector" as defined under MD. Code Comm. Law § 14-201(b).

25. The debt is a "consumer transaction" as defined under MD. Code Comm. Law § 14-201(c).

26. The Defendants disclosed or threatened to disclose information to a person other than the Plaintiff or his spouse information affecting the Plaintiff's reputation, with knowledge that the third party the Defendants were contacting had no business need for such information, in violation of MD. Code Comm. Law § 14-202(5).

27. The Plaintiff is entitled to damages proximately caused by the Defendants' violations.

### PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff prays that judgment be entered against the Defendants:

1. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against the Defendants;

2. Statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A) against the Defendants;

3. Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against the Defendants;

4. Actual damages pursuant to MD. Code Comm. Law § 14-203;

5. Actual damages from the Defendants for the all damages suffered as a result of the intentional, reckless, and/or negligent FDCPA violations and intentional, reckless, and/or negligent invasions of privacy in an amount to be determined at trial for the Plaintiff; and

6. Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: January 18, 2011

                                              Respectfully submitted,

                                              By  /s/ Forrest E. Mays_____

                                              Forrest E. Mays (Bar No. 07510)
                                              1783 Forest Drive, Suite 109
                                              Annapolis, MD  21401
                                              Telephone: (410) 267-6297
                                              Facsimile: (410) 267-6234
                                              Email: mayslaw@mac.com

                                              <u>Of Counsel To</u>
                                              LEMBERG & ASSOCIATES L.L.C.
                                              A Connecticut Law Firm
                                              1100 Summer Street, 3rd Floor
                                              Stamford, CT 06905
                                              Telephone: (203) 653-2250
                                              Facsimile:  (877) 795-3666
                                              ATTORNEYS FOR PLAINTIFF